Law Offices of Carl M. Varady

Carl M. Varady
Pauahi Tower,
1003 Bishop Street, Suite 1730
Honolulu, Hawai'i  96813
Telephone:  (808) 523-8447
e-mail: carl@varadylaw.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| ANTHONY C., by and through his parents LINDA C. and LIONEL C.,<br><br>Plaintiffs,<br><br>vs.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAI'I,<br><br>Defendant. | CIVIL NO.:<br><br>COMPLAINT;  EXHIBITS "1"-"3"; SUMMONS |

**COMPLAINT**

Plaintiffs ANTHONY C., by and through his parents LINDA C. and LIONEL C., complain against Defendant STATE OF HAWAI'I, DEPARTMENT OF EDUCATION, stating:

## JURISDICTION AND VENUE

1. This is a civil action arising under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§1400-1487 and its implementing regulations. This Court has jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), and all conditions precedent to the exercise of jurisdiction have been satisfied.

2. Venue in this district is proper under 28 U.S.C § 1391(b). All Defendants reside and the claims arose within the District of Hawaiʻi.

3. Plaintiff, ANTHONY C. ("ANTHONY"), is the disabled son of LINDA C. and LIONEL C., and was a resident of Honolulu, Hawaiʻi at the time the events giving rise to this cause took place. He is proceeding under a pseudonym to protect his privacy and to avoid further aggravating his disability. ANTHONY has been deemed eligible for special education and related services under the Individuals with Disabilities Education Improvement Act ("IDEIA") in the category of "autism." *See,* Exhibit 1.

4. Plaintiff LINDA C. is the mother of ANTHONY and was a resident of Honolulu, Hawaiʻi at the time the events giving rise to this cause of action accrued. She is proceeding under a pseudonym to protect her and her son's privacy.

5. Plaintiff LIONEL C. is the father of ANTHONY and was a resident of Honolulu, Hawaiʻi at the time the events giving rise to this cause of action accrued. He is proceeding under a pseudonym to protect his and his son's privacy.

6. Defendants have been informed of all Plaintiffs' identities.

7. Defendant STATE OF HAWAIʻI, is a body politic, charged with providing special education and related services under IDEIA to ANTHONY.

8. A request for due process hearing pursuant to 20 U.S.C. § 1415 was filed on behalf of ANTHONY, by his parents on May 12, 2016, attached hereto as Exhibit "2."

9. Among other relief, Plaintiffs invoked the stay-put provisions of 20 U.S.C. § 1415(j), requesting that DOE:

   a. **Not award a diploma to Anthony, because such an award would terminate his services under IDEIA's and DOE regulations (34 C.F.R. § 300.102(1)(a)(3)(i); H.A.R. § 8-60-4(1); and**

   b. **Maintain Anthony's current program and placement at McKinley High School.**

10. On May 12, 2016, DOE refused this request and intends to

present Anthony with a diploma. Exhibit "3." DOE acknowledged the diploma award would end his services under IDEIA, **even though his math skills are at a 4th grade level.**

11. Plaintiffs file, contemporaneously herewith, a motion for stay put relief. Plaintiffs' motion functions as an "automatic" preliminary injunction; the moving party need not establish the traditional factors necessary to obtain preliminary relief. *Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036, 1037 (9th Cir.2009). Upon filing, the court must order the status quo preserved. *Id.* Stay put continues throughout all proceedings, including appeals, and applies irrespective of which party ultimately prevails on the merits. *Clovis Unified School Dist. v. California Office of Administrative Hearings*, 903 F.2d 635, 641 (9th Cir. 1990); *"Makiko D." v. Hawaii*, 2007 U.S. Dist. LEXIS 28501,**30 (D. Haw. Apr. 17, 2007).

12. Plaintiffs are parties aggrieved by DOE refusal to honor "Stay Put" and 20 U.S.C. § 1415(j).

## FIRST CLAIM FOR RELIEF: "STAY PUT" UNDER IDEIA

13. Plaintiffs incorporate by reference the paragraphs above.

14. IDEIA guarantees ANTHONY a free appropriate public education ("FAPE").

15. IDEIA, 20 U.S.C. § 1415(j), mandates stay-put when due process is requested and that the student's program and placement be maintained from the time due process is requested until hearings and appeals are exhausted.

16. Defendant denied ANTHONY "Stay Put" and, thereby, FAPE, by refusing to continue his program and placement at McKinley High School pursuant to 20 U.S.C. § 1415(j) and, instead, insisting on awarding him a diploma against his parents' request.

17. Plaintiffs seek a declaration that DOE has denied ANTHONY "Stay Put" and, thereby, FAPE, and an order mandating that the status quo be maintained by continuing his program and placement at McKinley High School pursuant to 20 U.S.C. § 1415(j), throughout all proceedings, including appeals, irrespective of which party ultimately prevails on the merits.

WHEREFORE, Plaintiffs pray for relief from the Court as follows:

1. Declare that: (a) McKinley High School is ANTHONY's "Stay Put" placement pursuant to 20 U.S.C. § 1415(j); and (b) that awarding ANTHONY a diploma during the pendency Anthony's parents' request for due process hearing pursuant to 20 U.S.C. § 1415(f) violates "Stay Put";

2. Order that: (a) ANTHONY's status quo be maintained by

continuing his program and placement at McKinley High School pursuant to 20 U.S.C. § 1415(j), throughout all proceedings, including appeals, irrespective of which party ultimately prevails on the merits; and (b) that ANTHONY not be awarded a diploma until all proceedings pursuant to ANTHONY's parents' 20 U.S.C. § 1415(f) due process request, including appeals, have been exhausted and a determination made that such an award is appropriate;

3. Remand this case to the Hawai'i Office of Administrative Hearings, Department of Commerce and Consumer Affairs for hearing pursuant to 20 U.S.C. § 1415, while reserving jurisdiction to enforce or modify any order for injunctive relief; and

4. Rule that Plaintiffs' are prevailing parties their reasonable attorneys' fees and costs incurred in bringing this action pursuant to 20 U.S.C. § 1415(i)(3).

Dated: Honolulu, Hawai'i, May 18, 2016.

/s/ Carl M. Varady
CARL M. VARADY
Attorney for Plaintiffs